UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FARBOD AMINI and LAMAN AMINI, husband and wife, | CASE NO. 2:21-cv-01377-LK |
| Plaintiffs, | ORDER GRANTING STIPULATED MOTION TO SEAL |
| v. | |
| CRESTBROOK INSURANCE COMPANY and NATIONWIDE INSURANCE COMPANY OF AMERICA, | |
| Defendants. | |

This matter comes before the Court on the parties' Stipulated Motion to Seal documents related to nonparty Stuart Copeland's employee personnel records. Dkt. No. 42. Plaintiffs Farbod Amini and Laman Amini filed these documents under seal with the reply in support of their pending motion for partial summary judgment, and the parties agree they should remain confidential. *Id.* at 1–2; *see* Dkt. No. 32. For the reasons contained herein, the Court grants the parties' motion; Docket Numbers 47 and 48 shall remain under seal and the redaction in Docket Number 43 shall not be altered.

## I.    DISCUSSION

**A.    Legal Standard**

Courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when a court considers a sealing request, its starts with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (2003). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.*

"[P]ublic access to filed motions and their attachments" depends on the whether the motion to which the sealed documents are appended is "more than tangentially related to the merits of a case." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). If the motion is more than tangentially related to the merits of the case, the court must apply the "compelling reasons" standard to the motion to seal. *See id.* at 1102. If the motion is only tangentially related to the merits, the party seeking to seal the records need only show "good cause" to seal those records. *See id.* at 1097.

Additionally, in the Western District of Washington, parties moving to seal documents must comply with the procedures established by Local Civil Rule 5(g). Under that rule, the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). And a motion to seal must include a "certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the

1    document under seal, to minimize the amount of material filed under seal, and to explore redaction

2    and other alternatives to filing under seal[.]" LCR 5(g)(3)(A).

3    **B.      Meet and Confer**

4          As an initial matter, the parties have certified that they conferred by telephone on March

5    22, 2023 to discuss the need for filing "the documents under seal, minimizing the amount of

6    material filed under seal, and to explore redaction and other alternatives to filing under seal." Dkt.

7    No. 42 at 2. The motion also includes a "specific statement of the applicable legal standard and

8    the reasons for keeping a document under seal[.]" LCR 5(g)(3)(B); *see* Dkt. No. 42 at 3–4. Thus,

9    the motion complies with the requirements of Local Civil Rule 5(g).

10   **C.      The Parties Have Provided Compelling Reasons for Sealing Copeland's Personnel
             Records**

11

12         Because the sealed documents and redacted matter in this case are included with briefing

13   on a motion for partial summary judgment and their contents are more than tangentially related to

14   the merits of the case, the Court finds that the "compelling reasons" standard applies. *See Ctr. for*

15   *Auto Safety*, 809 F.3d at 1101–02. Even so, the parties have provided compelling reasons for the

16   redaction and for filing these documents under seal; namely, Copeland's "reputational and privacy

17   interests" at stake in relation to these records, which outweigh the presumption of public access.

18   Dkt. No. 42 at 3; *see, e.g.*, *Moussouris v. Microsoft Corp.*, No. 15-CV-1483-JLR, 2018 WL

19   1159251, at *6 (W.D. Wash. Feb. 16, 2018) (noting that the privacy interests of nonparties may

20   outweigh the public's interest in knowing certain information when the information is private to

21   the individuals involved and the nonparties have not sought to place that information in the public

22   sphere), *report and recommendation adopted*, 2018 WL 1157997 (W.D. Wash. Mar. 1, 2018);

23   *Nettles v. Farmers Ins. Exch.*, No. C06-5164-RJB, 2007 WL 858060, at *2 (W.D. Wash. Mar. 16,

24   2007). In addition, a less restrictive alternative would not be practicable as the sealed information

is not simply personal identifying information that can be easily redacted. Considering this, the Court finds that the sealing request is narrowly tailored to protect Copeland's privacy interests. Therefore, it is appropriate to keep Exhibit 8 under seal and to maintain the redaction in the Plaintiffs' reply brief, Dkt. No. 43 at 14.[1]

## II.   CONCLUSION

For the foregoing reasons, the Court GRANTS the parties' stipulated motion, Dkt. No. 42, and permits Plaintiffs' unredacted reply brief, Dkt. No. 47, and Exhibit 8 to Guy W. Beckett's declaration, Dkt. No. 48, to remain under seal.

Dated this 12th day of April, 2023.

_____
Lauren King
United States District Judge

---

[1] The parties' motion refers to the need to file portions of Copeland's deposition testimony under seal as well, Dkt. No. 42 at 1, 4, but neither party has identified such testimony or submitted these excerpts under seal. Moreover, briefing on the underlying motion is now complete, and the parties have not indicated that any deposition excerpts filed in connection with that motion require sealing.

ORDER GRANTING STIPULATED MOTION TO SEAL - 4